PENACHIO MALARA LLP
Counsel for the Debtor
245 Main Street, Suite 450
White Plains, New York 10601
(914) 946-2889

Anne Penachio, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
In re
                                                      CHAPTER 11

WESTCHESTER NEUROLOGICAL CONSULTANT, P.C.
                                                      CASE NO.: 17-22508(rdd)

                                  Debtor.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

**SMALL BUSINESS PLAN
<u>JOINTLY PROPOSED BY THE DEBTOR AND EMAD SOLIMAN</u>**

PENACHIO MALARA LLP
245 Main Street
Suite 450
White Plains, NY 10601
(914) 946-2889

1

## PLAN OF REORGANIZATION

Westchester Neurological Consultant, P.C., debtor and debtor-in-possession ("Debtor") and its principal, Emad Soliman ("Soliman"), hereby jointly propose this plan of reorganization (the "Joint Plan" or "Plan") under chapter 11 of the Bankruptcy Code (the "Code"). Capitalized terms used in the Joint Plan shall have the respective meanings set forth in Article I below, or as such terms may be defined elsewhere in the Joint Plan.

## SUMMARY

This Joint Plan represents the Debtor's proposal to satisfy its creditors. It presents mechanisms for the Debtor to satisfy its liabilities.

The Joint Plan provides for 4 Classes of Claims and Interests:

Class 1-Secured Claims

Class 2-Priority Claims

Class 3-General Unsecured Claims

Class 4-Equity Interests

The Joint Plan also provides for the payment of administrative claims and amounts due to the Office of the United States Trustee.

All creditors and holders of an equity interest should refer to Articles III through VI of the Plan for information regarding the precise treatment of their Claim. A disclosure statement that provides more detailed information regarding the Plan and the rights of creditors and equity security holders may be filed.

**YOUR RIGHTS MAY BE AFFECTED. YOU SHOULD READ THESE PAPERS CAREFULLY AND DISCUSS THEM WITH YOUR ATTORNEY, IF YOU HAVE ONE. IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT ONE.**

## ARTICLE I - DEFINITIONS

"Administrative Claim" means a Claim of the type described in section 503(b) of the Code and any fees and charges assessed against the estate under title 28, United States Code.

"Allowed" when used in reference to a Claim, means a Claim, or any portion thereof, (a) that is a Scheduled Claim, which has not been the subject of a timely objection by any party in interest or amended by the Debtor, (b) for which a proof of claim has been filed with the clerk of the Court on or before the date designated by the Court for the filing of such Claim, which Claim has not been the subject of a timely objection by the Debtor or any other party in interest or (c) that is allowed pursuant to a Final Order.

"Assets" means all, or a portion, of the property of the Debtor's estate as defined in section 541 of the Code.

"Bankruptcy Rules" means the Federal Rules of Bankruptcy Procedure, as amended from time to time.

"Business Day" means any day except Saturday, Sunday or a holiday on which commercial banks in New York City are authorized to close.

Cash" means all cash and cash equivalents including, without limitation, lawful currency of the United States of America, wire transfers of funds, checks and other readily marketable direct obligations of the United States of America and certificates of deposits issued by banks.

"Claim" means a claim against the Debtor within the meaning of section 101(5) of the Code.

"Class" means a group of Claims which are substantially similar and are classified together pursuant to the Plan.

"Confirmation" means confirmation of the Plan pursuant to section 1129 of the Code.

"Confirmation Date" means the date on which the Confirmation Order is entered.

"Confirmation Order" means the order of the Court confirming the Plan pursuant to section 1129 of the Code.

"Court" means the United States Bankruptcy Court for the Southern District of New York (or any other court with jurisdiction over the Debtor's chapter 11 case).

"Debtor" means Westchester Neurological Consultant, P.C.

"Disbursing Agent" shall mean the entity appointed to make Distributions under this Plan. The Debtor shall serve as Disbursing Agent.

"Disputed" means, when referring to a Claim, a Claim that is, or has been, the subject of an objection by the Debtor or any party in interest and has not been Allowed.

"Disputed Claim Reserve" means an amount equal to the Disputed amount of each Disputed Claim as a Distribution Reserve. The fund will be kept at an authorized depository for the Southern District of New York.

"Distribution(s}" means the distribution(s) of Cash to be made to holders of Allowed Claims under the provisions of the Plan.

"Effective Date" means the date ten days after the Plan is approved.

"Filing Date" means March 31, 2017, the date the Debtor filed for Chapter 11 relief.

"Final Order" means an order of the Court which has not been reversed, stayed, modified or amended and as to which (a) any right to appeal or seek certiorari, review or rehearing has been waived or (b) the time to appeal or seek certiorari, review or rehearing has expired and as to which no appeal or petition for certiorari, review or rehearing is pending.

"Interest" means 100% of the membership interests of the Debtor.

"Lien" means any mortgage, lien, pledge, charge, security interest or encumbrance of any kind with respect to an interest in property.

"Plan" means this Chapter 11 Plan of Reorganization, either in its present form or as it may be altered, amended or modified from time to time, along with all exhibits thereto.

"Priority Claim" means any Claim entitled to priority under section 507(a) of the Code.

"Priority Tax Claim" means any Claim entitled to priority under section 507(a)(8).

"Professionals" means all attorneys, accountants, financial consultants and/or other professional persons retained in the Chapter 11 Case or to be compensated by a Final Order pursuant to §§327,328,330,331,503(b) and/or 1103 of the Bankruptcy Code.

"Pro Rata" means, with respect to any Allowed Claim in any Class, the proportion that such Allowed Claim bears to the aggregate amount of all Allowed Claims in such Class.

"Reorganized Debtor" means the Debtor on and after the Effective Date.

"Scheduled Claim" means a Claim that is listed by the Debtor in the Schedules, but is not listed therein as contingent, unliquidated or disputed and which has not been superseded by a proof of Claim filed timely with the clerk of the Court.

"Schedules" means the schedules of assets and liabilities filed by the Debtor with the clerk of the Court pursuant to Bankruptcy Rule 1007, as such schedules may be amended, modified and supplemented from time to time.

"Secured Claim" means any Claim secured by a Lien on the Assets.

"Unsecured Claim" means any Claim excluding any Secured Claim, Priority Claim, Priority Tax Claim and Administrative Claim.

"U.S. Trustee" means the Office of the United States Trustee.

All rules of construction contained in section 102 of the Code apply in the construction of the Plan.

## ARTICLE II - CLASSIFICATION OF CLAIMS

Pursuant to section 1123(a)(1) of the Code, all Claims (other than Administrative Claims and Priority Tax Claims) and the Interest are placed in Classes.

**Class 1 - Secured Claims**

Class 1 - Consists of claims secured against the Debtor.

**Class 2 - Priority Claims**

Class 2: Class 2 consists of all Priority Claims against the Debtor including Priority Tax Claims.

**Class 3 - Unsecured Claims**

Class 3: Class 3 consists of all Unsecured Claims including the unsecured portion of any Secured Claim.

**Class 4 - Equity Interest**

Class 4: Class 4 consists of Equity Interests of Soliman.

## ARTICLE III - Treatment of Classes of Claims and Interest

The treatment of Classes of Claims and the Interest under the Plan is as follows:

**Class 1 –   Secured Claims** - The Debtor shall satisfy the liability owed to Holders of Allowed Secured Claims in full on the Effective Date as required under the contractual agreement by and between the Debtor and the Secured Creditors.  Secured Creditors shall be Paid 100% plus interest on

the Effective date.  Class 1 Claimants are impaired under the Plan and entitled to vote.

**Class 2 - Priority Claims** – Allowed Priority Claims shall be paid in full on the Effective Date. Class 2 Claims will receive payment in full plus interest under the Plan.  Class 2 Claims aggregate $_____.  Class 2 Claim Holders shall be paid 100% plus interest on the Effective Date. Class 2 Claimants are not impaired under the Plan and not entitled to vote.

**Class 3 - Allowed Class 3 General Unsecured Claim**s – Allowed Class 3 General Unsecured Claims shall be paid in full without interest on or before November 15, 2020.   Class 3 Claims will receive payment in full without interest under the Plan quarterly in installments of $_____ until paid.

**Class 4 – Equity Interests** – Soliman, the holder of the Class 4 Interests shall retain his Interests.  The Class 4 Interest is impaired under the Plan.

## ARTICLE IV - Treatment of Administrative Claims

Allowed Administrative Claims arising from professional services rendered to the Debtor by its attorneys including the expenses of such attorneys shall be paid, in full, in cash, on the later of (a) the Effective Date or (b) the date on which such Administrative Claim is Allowed pursuant to a Final Order, unless the holder of such Allowed Administrative Claim has agreed to a less favorable treatment.  Administrative Claims arising from the ordinary course of the Debtor's post-petition operations shall be paid on the Effective Date, or in accordance with the terms of such Administrative Claims, if later, unless the Holder of such Administrative Claim has agreed to a less favorable treatment.

The Debtor intends to satisfy Allowed Administrative Claims arising from professional services during the period from the entry of an order allowing the compensation until the Effective Date.

In addition, fees owed to the United States Trustee or other fees arising under the Code or in

respect of the Debtor's chapter 11 case that are unpaid as of the Effective Date, if any, shall be paid, in full, in cash, on the Effective Date. The Debtor shall make all payments due to the U.S. Trustee until such time as the Chapter 11 case is closed or converted or dismissed, whichever occurs first.

The Debtor, as Disbursing Agent, shall make all of the foregoing payments.

### ARTICLE V - Means For Execution Of The Plan

A. **Source of Payments**

Payments to creditors under the Plan will be made by the Debtor from (a) funds of the Reorganized Debtor on hand as of the Effective Date, and (b) funds realized from the Debtor's business operations following the Effective Date. Following the Effective Date, the Debtor's business shall operate in the ordinary course. Professional fees for services rendered by the Debtor's attorneys subsequent to the Effective Date in connection with the Plan or the Debtor's chapter 11 case, and reimbursement of expenses relating to such services, may be paid by the Debtor without prior Court approval.

B. **Allowance and Disallowance of Claims**

The Debtor may file an objection to a Claim up until 90 days after the Confirmation Date thereby causing the Claim to be a Disputed Claim. No distribution shall be made on account of a Disputed Claim unless all or a portion of such Claim is subsequently Allowed. After the Confirmation Date, the Debtor shall have the power and authority to settle and compromise a Disputed Claim without Court approval or compliance with Bankruptcy Rule 9019.

### ARTICLE VI - Executory Contracts And Leases

The Debtor assumed its lease with the Landlord pursuant to the Assumption Order. The Debtor is not a party to any other leases. Any and all other executory contracts and unexpired leases to which the Debtor is a party as of the Effective Date which were not previously rejected

shall be deemed assumed by the Debtor under the Plan as of the Effective Date in accordance with the provisions and requirements of §§365 and 1123 of the Bankruptcy Code.

Unless the Debtor has rejected an executory contract, or filed an application to reject such contract, prior to the Confirmation Date, the Debtor shall assume all executory contracts as of the Confirmation Date pursuant to section 365 of the Code. The Debtor shall cure all monetary defaults under any executory contract or lease that is to be assumed in accordance with terms and conditions that are either (a) agreed to by the non-Debtor party to the executory contract or lease or (b) determined by the Court.

### ARTICLE VII - Distributions

A.  Disbursing Agent

Distributions shall be made by the Debtor as Disbursing Agent.

B.  Disputed Claim Reserve

The Disbursing Agent shall withhold from the Cash to be distributed under the Plan an amount equal to the Disputed amount of each Disputed Claim as a Disputed Claim Reserve . The fund will be kept at an authorized depository for the Southern District of New York. As to any Disputed Claim, upon a request for estimation by the Debtor and/or the Post-Confirmation Debtor, as the case may be, the Court shall determine what amount is sufficient to withhold as the Distribution Reserve. The Debtor and/or the Post-Confirmation Debtor, as the case may be, may request estimation for every Disputed Claim that is unliquidated and the Disbursing Agent shall withhold Cash in Cash the Distribution Reserve based upon the estimated amount of such Claim or Interest as set forth in a Final Order.

The Disbursing Agent shall make Distributions from the Distributed Claim Reserve to each holder of a Disputed Claim that has become an Allowed Claim in accordance with the provisions of the

Plan governing the Class of Claims to which such Claimant belongs. On the next succeeding interim Distribution Date after the date that the order or judgment of the Court allowing all or part of such Claim becomes a Final Order, the Disbursing Agent shall distribute to the holder of such Claim any Cash that would have been distributed on the Distribution Date and all prior Distribution Dates had such Allowed Claim been Allowed on the Effective Date. After a Final Order has been entered, or other final resolution has been reached, disallowing, in whole or in part, a Disputed Claim, reserved Cash equal to such disputed disallowed amount remaining in the Distribution Reserve shall become Property of the Debtor's Estate, to be utilized in accordance with the provisions of this Plan. All Distributions made under this Plan on account of an Allowed Claim shall be made together with any dividends, payments or other distributions made on account of, as well as any obligations arising from, the distributed property, as if such Allowed Claim had been an Allowed Claim on the Effective Date.

    C.    <u>Delivery of Distributions</u>

Subject to Order(s) of the Court to the contrary, Distributions to holders of Allowed Claims shall be made by the Disbursing Agent (a) at the addresses set forth on the last proofs of Claim filed by such holders (or at the last known addresses of such holders if no proof of Claim is filed or if the Disbursing Agent shall not have been notified of a change of address), (b) at the addresses set forth in any written notices of address changes delivered in writing to the Disbursing Agent after the date of any related proof of Claim, or (c) at the addresses reflected in the Schedules if no proof of Claim has been filed and the Disbursing Agent has not received a written notice of a change of address. If any Claimant's Distribution is returned as undeliverable, no further distributions to such Claimant shall be made unless the Disbursing Agent is properly notified within 90 days following such return, of such Claimant's address change. Amounts in respect of undeliverable Distributions made through the Disbursing Agent shall be utilized in satisfaction of remaining Allowed Claims hereunder.

D.  Withholding and Reporting Requirements

In connection with this Plan and all Distributions hereunder, the Disbursing Agent shall, to the extent applicable, comply with all tax withholding and reporting requirements imposed by any federal, state, local, or foreign taxing authority, and all Distributions hereunder
shall be subject to any such withholding and reporting requirements. The Disbursing Agent shall be authorized to take any and all actions that may be necessary or appropriate to comply with such withholding and reporting requirements.

E.  Setoffs

The Disbursing Agent may, but shall not be required to, set off against any Claim, and the Distributions to be made pursuant to the Plan in respect of such Claim, claims of any nature whatsoever that the Debtor or their Estate may have against the holder of such Claim; provided, however, that neither the failure to do so nor the allowance of any Claim hereunder shall constitute a waiver or release by the Disbursing Agent of any such claim that the Debtor may have against such holder. The parties subject to set off will receive a notice of set off.

F.  Unclaimed Distributions

Any unclaimed Distributions (including Distributions made by checks which fail to be negotiated) shall be retained by the Disbursing Agent in trust for the beneficial holders of Allowed Claims entitled thereto for a period of one-hundred eighty (180) days after the applicable Distribution Date. Any Distribution remaining unclaimed one-hundred eighty (180) days after the applicable Distribution Date shall be cancelled (by a stop payment order or otherwise), the Claim relating to such Distribution shall be deemed disallowed and expunged, and the holder of such Claim shall be removed

10

from the Claims list and shall receive no further Distributions under the Plan. Any and all cancelled Distributions shall be deemed available Cash and shall be distributed to the holders of Allowed Claims in accordance with the Plan.

G. <u>Fractional Cents</u>

Any other provision of the Plan to the contrary notwithstanding, no payment or Distribution in fractions of cents will be made. Whenever any payment of a fraction of a cent would otherwise be called for, the actual payment shall reflect a rounding down or rounding up of such fraction to the nearest whole cent.

H. Payments of Less Than Five Dollars. If a Cash Distribution otherwise provided for by the Plan with respect to an Allowed Claim would be less than five ($5.00) dollars (whether in the aggregate or on any payment date provided in the Plan), notwithstanding any contrary provision of the Plan, the Disbursing Agent shall not be required to make such payment and such funds shall be otherwise distributed to holders of Allowed Claims in accordance with the Plan.

### ARTICLE VIII - Miscellaneous Matters

**Modification** - The Debtor reserves the right to amend or modify the Plan to the full extent permitted by law.

**Payments** - Whenever any payment under the Plan shall be due on a day other than a Business Day, such payment shall be made on the next following Business Day. Partial pre-payments by the Debtor under the Plan shall be applied against the payments in the inverse order of their due date.

**Severability** - If any provision of this Plan is determined to be unenforceable, such determination will in no way limit or affect the enforceability and operative effect of any other provision of the Plan.

**Binding Effect** - The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

**Captions** - The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of the Plan.

**Operating Statements -** Subsequent to the effective date the Debtor shall file with the court post confirmation status reports detailing its progress for the final decree in the matter. Status reports shall be filed on or before January 15, April 15, July 15, and October 15 of each year until a final decree is entered closing the case.

## ARTICLE IX -  Retention Of Jurisdiction

The Court shall retain exclusive jurisdiction for the following purposes:

 (a) to determine all objections to Claims;

 (b) to permit amendments to the Schedules;

 (c) to determine all Administrative Claims including, without limitation, applications for the allowance of compensation and reimbursement of expenses, provided that applications for   allowance of compensation and reimbursement of expenses shall be filed within 60 days after the  Confirmation Date;

 (d) to estimate all Disputed Claims:

 (e) to determine all applications and adversary proceedings pending on the Effective Date or filed or commenced within 60 days thereafter;

 (f) to determine all disputes concerning the interpretation of the Plan and to correct any defect, cure any omission, reconcile any inconsistency in the Plan;

 (g) to enforce any orders entered in connection with the Debtor's chapter 11 case including the Confirmation Order;

 (h) to enter such orders as may be necessary or appropriate in aid of Confirmation and to facilitate the Plan;

 (i) to enter orders relating to the assumption or rejection of executory contracts and unexpired leases;

 (j) to modify the Plan to the full extent permitted by the Code;

 (k) to determine such other matters as may be provided for in the Confirmation Order;

(l) to enter an order converting or dismissing this case in the event of a default under the Plan; and

(m) to enter a Final Order closing the Debtor's chapter 11 case.

## ARTICLE X - Effect of Confirmation

Following the Confirmation Date, the Plan shall bind the Debtor and all holders of Claims and the holder of the Interest, whether or not said holders are impaired under the Plan and whether or not said holders have accepted the Plan, and all rights of such holders shall be governed by the Plan. On the Effective Date, all Assets shall be held by the Debtor free of Claims and Liens and subject to the requirements hereunder.

As provided in Bankruptcy Code § 1141(d)(3), the Plan does not grant the Debtor a discharge. Notwithstanding the foregoing, except as otherwise provided herein, (1) the rights afforded in the Plan and the treatment of all Claims and Equity Interests shall be in exchange for and in complete satisfaction, discharge and release of such Claims and Equity Interests of any nature whatsoever, including any interest accrued on the Claims from and after the Petition Date, against the Debtor, or any of its assets or properties and (2) all persons shall be precluded from asserting against the Debtor, or any of its Assets or properties any other or further Claims or Equity Interests based upon any act or omission, transaction or other activity of any kind or nature that occurred before the Confirmation Date, except as otherwise provided in the Plan.

Dated: White Plains, NY
      August 1, 2018

**PENACHIO MALARA LLP**
**Counsel for the Debtor**

/s/ Anne Penachio, counsel for the Debtor

245 Main Street
Suite 450
White Plains, NY 10601
(914) 946-2889

_____

Emad Soliman, President